UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC T. RUSSELL, SR.,            Case No. 1:06-cv-873
     Plaintiff

vs

OHIO ADULT PAROLE AUTHORITY, et al.,     **ORDER**
     Defendants                                   (Spiegel, J.; Hogan, M.J.)

Plaintiff, an inmate at the Butler County Jail in Hamilton, Ohio brings this prisoner civil rights action under 42 U.S.C. § 1983.  Defendants are the Ohio Adult Parole Authority (OAPA), OAPA Officer Jane Crutchfield, and Butler County Sheriff Richard Jones.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint and supplement to the complaint to determine whether the complaint and/or supplement, or any portion thereof, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges that on November 1, 2006, he was arrested by Officer Crutchfield on drug charges after being discovered in bed with a female suspect.  He alleges that Officer Crutchfield then announced to the other officers present that plaintiff's wife was a Dayton, Ohio probation officer who had just had a baby.  Plaintiff states that drug paraphernalia was placed in his barber's bag by the female suspect while he was asleep.  He also alleges that $217.00 was taken from the bag and has not been accounted for.  He states that Officer Crutchfield telephoned his wife and falsely reported to her the circumstances surrounding her husband's arrest.  Plaintiff states a probable cause hearing was held on November 28, 2006 at which Officer Crutchfield falsely testified that plaintiff admitted to using cocaine on the night of his arrest.  Plaintiff states that he is awaiting information on whether he will be extradited to Georgia on the alleged parole violation.  He alleges his rights have been violated "due to a lack of information" or answers to his questions about the status of the extradition proceedings.

Plaintiff's supplement to his complaint purports to add Delmar Gagaris as a plaintiff and the Butler County Sheriff's Office Commissary Department and Medical Sick Call Department as defendants.  As best the Court can discern, plaintiff complains that the Commissary Department substituted hydrocortisone cream for anti-fungal cream for plaintiff's athlete's foot and refused to give plaintiff a refund or exchange.

As relief, plaintiff seeks release from the Butler County Jail, an order requiring Officer Crutchfield to pay him the $217.00 "she obviously took from [his] property," and "monetary relief for damages done to my marriage, punitive damages; pain & suffering."

Plaintiff's complaint must be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983. To the extent plaintiff may be seeking immediate or speedier release from his confinement, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 or § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Hadley v. Werner,* 753 F.2d 514 (6th Cir. 1985). Section 2254 applies in post-trial situations where a plaintiff is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981). Title 28 U.S.C. § 2241 establishes jurisdiction to consider pretrial petitions by persons in custody, regardless of whether final judgment has been rendered. *Atkins,* 644 F.2d at 546 and n.1; *see also Fisher v. Rose,* 757 F.2d 789, 792 n.2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981). In either situation, however, plaintiff must exhaust all available state court remedies before bringing an action under the habeas corpus statutes. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490 (1973); *Atkins,* 644 F.2d at 546. The exhaustion doctrine applies in this context to protect the state courts' opportunity to initially resolve constitutional issues arising within their jurisdictions and to preserve the "orderly administration of state judicial business" by limiting early federal interference in state criminal proceedings. *Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546. In the pretrial context, such as the instant case, federal courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised by plaintiff "may be resolved either by trial on the merits in the state courts or

by other state procedures available to the petitioner [plaintiff]." *Atkins*, 644 F.2d at 546.

Here, a trial on the merits may resolve plaintiff's claim he was falsely charged with a drug crime in Ohio and may result in his release from confinement at the Butler County Jail. Plaintiff has neither alleged nor shown he has exhausted his state court remedies with respect to the Ohio charges against him. Therefore, this Court should abstain from exercising habeas corpus jurisdiction and plaintiff's complaint must be dismissed.

To the extent plaintiff may be complaining about the delay in his extradition to Georgia to face parole revocation charges in that state, his § 1983 complaint must also be dismissed as non-cognizable. *See Preiser,* 411 U.S. at 500.

Even assuming the Court were to construe the complaint as a pretrial petition for habeas corpus pursuant to 28 U.S.C. § 2241, plaintiff's speedy trial claim would be subject to dismissal for plaintiff's failure to exhaust his state remedies. *See Burris v. Deters*, 2006 WL 2381546 (S.D. Ohio Aug. 16, 2006), citing *Preiser*, 411 U.S. at 499. Plaintiff has failed to allege or show he exhausted the administrative remedies that are available to him under the Interstate Agreement on Detainers (IAD).[1] *See* O.C.G.A. § 42-6-20, Art. III(a)-(c). Because plaintiff has not properly invoked the IAD, he has failed to exhaust his adequate and available state remedies and would not be entitled to federal habeas relief. *Norton v. Parke*, 892 F.2d 476, 479-81 (6th Cir. 1989).

In addition, to the extent plaintiff seeks monetary damages, his complaint fails to state a

---

[1] "The IAD is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction. Forty-eight states (all but Louisiana and Mississippi), the District of Columbia, Puerto Rico, the Virgin Islands and the United States are all signatories of the IAD." *Norton v. Parke*, 892 F.2d 476, 477 n. 2 (6th Cir. 1989) (citations omitted). The State of Georgia and the State of Ohio are both parties to the IAD. *See* O.C.G.A. § 42-6-20; Ohio Rev. Code § 2963.30.

cognizable claim under § 1983.  Plaintiff claims the Ohio drug charges against him are false. Because plaintiff's claim, if successful, would necessarily imply the invalidity of any future conviction on the pending criminal charges, his claim is not cognizable under § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.  When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus.  *Id.*

The rule in *Heck* has been extended to §1983 claims relating to pending pre-trial charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed.  *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir.), *cert. denied*, 528 U.S. 1021 (1999).  *See also Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir.), *cert denied*, 120 S.Ct. 363 (1999); *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir.), *cert. denied*, 519 U.S. 1041 (1996).  In *Shamaeizadeh*, the Sixth Circuit held that the rationale of *Heck* applies pre-conviction, as well as post-conviction.  The Court adopted the reasoning of the Third Circuit in *Smith*:

> We find that these concerns [set forth in *Heck*] apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a

>pending criminal charge. A claim by a defendant in an ongoing criminal
>prosecution which necessarily challenges the legality of a future conviction on a
>pending criminal charge lies at the intersection of the federal habeas corpus
>statute and the Civil Rights Act of 1871. If such a claim could proceed while
>criminal proceedings are ongoing, there would be a potential for inconsistent
>determinations in the civil and criminal cases and the criminal defendant would
>be able to collaterally attack the prosecution in a civil suit. In terms of the
>conflicts which *Heck* sought to avoid, there is no difference between a conviction
>which is outstanding at the time the civil rights action is instituted and a potential
>conviction on a pending charge that may be entered at some point thereafter.

182 F.3d at 397-98, quoting *Smith*, 87 F.3d at 113. Thus, to establish a § 1983 claim where criminal charges are pending, as here, plaintiff must "show that a decision in his favor would not imply the invalidity of a future conviction." 182 F.3d at 398. *See also Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995).

In this case, a judgment in favor of plaintiff in this § 1983 action would necessarily imply the invalidity of any future state court conviction and would call into question plaintiff's continued confinement. *Heck*, 512 U.S. at 487. *See Shamaeizadeh*, 182 F.3d at 398; *see also Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). Therefore, plaintiff's complaint is not yet cognizable under § 1983 until the underlying state court decision has been reversed or called into question by way of a habeas corpus proceeding. Accepting all of plaintiff's factual allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief.

To the extent that plaintiff claims he was deprived of his $217.00 without due process of law, he must plead and prove that his state remedies are inadequate to redress the violation. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981)*; Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995)*. See also Pilgrim v. Littlefield*, 92 F.3d 413, 416-17 (6th Cir. 1996). Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law are inadequate for recovering the $217.00 allegedly taken from his

6

barber's bag. Therefore, he has failed to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's complaint also fails to state a claim for relief under the Eighth Amendment for a denial of medical care. In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Here, plaintiff has failed to allege facts showing he suffers from an objectively serious medical condition. *See Calhoun v. Thomas,* 360 F. Supp.2d 1264, 1287 (M.D. Ala. 2005) (athlete's foot cannot be considered an injury serious enough to rise to an Eighth Amendment violation); *Landfair v. Sheahan,* 878 F. Supp. 1106, 1112-13 (N.D. Ill. 1995) (same). *See also Williams v. Allen County Jail,* 2006 WL 1442154, *2 (N.D. Ind. 2006) (athlete's foot is undoubtedly inconvenient and uncomfortable, but common among non-incarcerated citizens and does not constitute a serious medical need). Nor has plaintiff alleged facts showing that any particular jail official exhibited deliberate indifference to his condition. The mere substitution of hydrocortisone for anti-fungal cream does not rise to the level of an Eighth Amendment violation.

Finally, plaintiff purports to submit the supplement to the complaint on behalf of himself and Delmar Gagaris. However, plaintiff is not a lawyer and may not represent another plaintiff in this matter. *See Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith*

*Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 Fed. Appx. 344, 2001 W.L. 1177855 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, 1999 WL 810386, *2 (W.D. Mich. 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991). Accordingly, plaintiff may not represent Mr. Gagaris in this matter.

In sum, plaintiff's complaint and supplement thereto fail to state a claim for relief under 42 U.S.C. § 1983 and are hereby dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: January 10, 2007         s/S. Arthur Spiegel
                               S. Arthur Spiegel, Senior Judge
                               United States District Court